VICKI H. YOUNG
Law Offices of Vicki H. Young
706 Cowper Street, Suite 205
Palo Alto, California 94301

Telephone    (415) 421-4347
Fax          (650) 289-0636

Counsel for Michael Saez

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 07-527 RMW |
|---|---|---|
| Plaintiff, | ) | SENTENCING MEMORANDUM |
| v. | ) | Date:  Jan. 14, 2008 |
| MICHAEL SAEZ, | ) | Time:  9:00 a.m. |
|  | ) | Judge: Whyte |
| Defendant. | ) |  |

## I. Introduction

Pursuant to a Plea Agreement, Michael Saez has entered a plea of guilty to violation of Title 21 USC 841, Possession with Intent to Distribute Methamphetamine. The guilty plea was entered pursuant to F.R.Cr.P. 11(c)(1)©, with the parties agreeing that a term of 120 months is the appropriate disposition of the case. The United States Probation Office has prepared a Presentence Report (PSR) and has concluded that although the advisory guideline range is higher that 120 months, that a sentence of 120 months is appropriate, considering the factors in 18 U.S.C. 3553(a).

This sentencing memorandum is submitted only to address some of the conditions of supervised release that have been recommended.

SENTENCING MEMO                              - 1 -

### II. A Sentencing Court Cannot Impose a Supervised-Release Condition That Involves a Greater Deprivation of Liberty than Is Reasonably Necessary to Serve the Purposes of Deterrence, Protection of the Public, and Rehabilitation of the Defendant.

A district court's discretion to impose conditions of supervised release is not boundless. United States v. Weber, 450 F.3d 522 (9th Cir. 2006). The primary statute governing a district court's ability to impose conditions of supervised release is 18 USC § 3583. In crafting supervised-release conditions, the district court must consider

• the nature and circumstances of the offense and the history and characteristics of the defendant (§3553(a)(1));

• the need for the sentence imposed to afford adequate deterrence to criminal conduct (§3553(a)(2)(B));

• the need for the sentence imposed to protect the public from further crimes by the defendant (§3553(a)(2)(C));

• the need for the sentence imposed to provide the defendant with needed education, training, medical care, or other correctional treatment in the most effective manner (§3553(a)(2)(D));

• any applicable provisions of the Sentencing Guidelines (§3553(a)(4) & (a)(5)); and

• the need to provide restitution to any victims of the offense (§3553(a)(7)).

After taking these factors into account, the district court may impose any supervised-release condition it considers to be appropriate, but only to the extent that such condition:

(1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);

(2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. §994(a).

///

SENTENCING MEMO                              - 2 -

1  Conditions of supervised release are permissible only if they are reasonably related to the goal
2  of deterrence, protection of the public, or rehabilitation of the offender. Conditions of supervised
3  release must relate to these purposes, but may be unrelated to one or more of them, so long as they
4  are sufficiently related to the others.  A supervised release condition need not relate to the offense of
5  conviction, as long as it satisfies one of the above goals.  Even if a proposed condition otherwise
6  meets the statutory requirements of §3553(a), it still must 'involve "no greater deprivation of liberty
7  than is reasonably necessary for the purposes" of supervised release.' Weber, 451 F.3d at 558. The
8  government shoulders the burden of proving that a particular supervised-release condition is justified
9  under these statutory standards. Id. at 558-59.

A.  The Evidence in this Case Does Not Warrant a Supervised Release
Condition Prohibiting Consumption of  Alcohol.

13  In the recent case of United States v. Betts, ___ F.3d ___, 2007 WL 4355365, (9th Cir. 2007),
14  the Ninth Circuit found that the supervised release condition prohibiting Betts from drinking alcohol
15  failed to met the Weber test.  No one suggested that alcohol played any role in Betts' crime.  There
16  was no evidence that Betts had any past problems with alcohol.  Under those conditions, it was
17  impossible to say that the condition bear a reasonable relationship to rehabilitating the offender,
18  protecting the public, or providing adequate deterrence.  Betts, id.
19  The Ninth Circuit distinguished the situation in Betts from earlier cases where there had been
20  evidence before the district court established that the defendant had some sort of substance-abuse
21  problem. United States v. Maciel-Vasquez, 458 F.3d 994 (9th Cir.2006) (defendant had a history of
22  drug abuse and prior convictions for DUI and possession of an open bottle of alcohol); United States
23  v. Johnson, 998 F.2d 696, 699 (9th Cir. 1993) (defendant had a long history of substance abuse,
24  including committing crimes while drunk or high); United States v. Miller, 549 F.2d 105, 107 (9th
25  Cir. 1976) (defendant's history indicated that alcohol was a substantial contributing factor to his
26  legal transgressions).

SENTENCING MEMO                         - 3 -

1    The closest case on point to the instant case is United States v. Bass, 121 F.3d 1218, 1224 (8th Cir. 1997); In Bass, the trial court had imposed a condition prohibiting the use of both controlled substances and alcohol.  There was no evidence that the defendant abused alcohol or that the use of alcohol played any role in the crime to which he pleaded guilty. The presentence report indicated that the defendant had smoked marijuana approximately twice a week and drank alcohol on weekends since the age of 18.  The district court explained that he imposed the restriction with regard to alcohol because he feared that the defendant would substitute alcohol if he were cut off from controlled substances.  Bass, id at 1224.

The Sixth Circuit found that the court's rationale did not satisfy the requirement that the terms of supervised release cannot inflict a greater deprivation of liberty than is reasonably necessary to effectuate the goals of Congress and the Sentencing Commission.  United States v. Bass, 121 F.3d 1218, 1223, citing United States v. Prendergast, 979 F.2d 1289, 1292-93 (8th Cir. 1992).

In the instant matter, Michael Saez does not dispute that he has a substance abuse problem that warrants treatment, nevertheless, there is no evidence in the record that he has any problem with alcohol abuse.  Since this court already has the authority to impose the standard supervised-release condition which would require Mr. Saez to "refrain from *excessive use* of alcohol[.]" *See* 18 U.S.C. §§3563(b)(7), 3583(d); U.S.S.G. §5D1.3(c)(7), the addition of the special supervised-release condition prohibiting Saez from using *any alcohol* clearly involves a greater deprivation of liberty than is reasonably necessary to serve any purpose of supervised release.

 B. The Condition of Supervised Release That Requires Mr. Saez to
    Participate in Mental Health Counseling Is Unwarranted            .

The presentence report recommends that this Court order Michael Saez to participate in a mental health treatment program as a condition of supervised release.  The rationale for this recommendation is the probation officer's opinion that

SENTENCING MEMO                                          - 4 -

> the need for mental health counseling should be assessed as the defendant has a history of domestic violence. It is imperative that he learn to handle stressful situations in a productive manner upon his release.

Michael Saez disputes that he is in need of mental health treatment and that he has a history of domestic violence. In fact, the only possible suggestion of domestic violence in the presentence report is a juvenile adjudication in July 1999, where one of the grounds for a juvenile petition was an allegation that the defendant was involved in the physical abuse of the mother of their infant child while she held the child. There is no indication whether the juvenile court ever made a finding as to this allegation since many other charges were also listed. The only other allegation of domestic violence in the PSR is an arrest warrant with an unknown disposition.

These unsupported allegations do not justify a requirement for mental health counseling. The conditions of supervised release must be reasonably related to protecting the public and preventing recidivism in light of Mr. Saez' history. We submit that the evidence in this case does not establish such a relationship and the mental health condition must be eliminated.

The instant case is very similar to the situation in United States v. Pruden, 398 F.3d 241 (3rd Cir. 2005). In Pruden, the Third Circuit deleted a mental health condition on the grounds that "a condition with no basis in the record, or with only the most tenuous basis, will inevitably violate § 3583(d)(2)'s command that such conditions "involve[ ] no greater deprivation of liberty than is reasonably necessary." Pruden, id at 249. The court found that neither the "nature and circumstances of the offense,"(an attempt to purchase a weapon illegally), nor the "history and characteristics of the defendant," provide any evidence of a need for mental health treatment. The only evidence of Pruden's "history and characteristics" came from the PSR, which tends to show that Pruden has a generally good mental state with no history of mental illness. The PSR does detail a troubling family history, although, as the government itself argued at sentencing, this history is no worse than that of many other criminal defendants. And while Pruden has a long criminal history, this alone cannot demonstrate a need for mental health treatment-for if it did, virtually any repeat offender could be required to undergo such treatment. Pruden, id at 249. The court held that given

1  the complete absence of facts that would indicate a need for this mental health treatment, we cannot
2  find that this condition is "reasonably related" to any of the allowable purposes of conditions on
3  supervised release.
4      In the instant case, there is no evidence to support the imposition of a mental health condition.
5  The underlying offense has no suggestion that Mr. Saez has a mental health problem.  There is no
6  evidence that Mr. Saez is in need of mental health treatment.  Therefore the mental health condition
7  recommended by the probation department must be deleted.

## IV.  Conclusion

10      For the reasons set forth above, this Court should not impose either the alcohol restriction or
11  the mental health counseling conditions recommended by the probation department.
12  Dated:     Jan. 9, 2008                              Respectfully submitted,

       /s/ Vicki H. Young
       VICKI H. YOUNG
       Attorney for Michael Saez

SUPPLEMENTAL SENTENCING MEMO           - 6 -