JOSEPH P. RUSSONIELLO (SC 9990)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

THOMAS M. O'CONNELL (NYSBN 1801950)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408)-535-5053
    Fax: (408)-535-5066
    E-Mail: Thomas.M.OConnell@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-00527-RMW |
| | ) | |
|     Plaintiff, | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| v. | ) | MEMORANDUM |
| | ) | |
| MICHAEL SAEZ, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

    Defendant Michael Saez comes before the court for sentencing pursuant to his plea to Possession with Intent to Distribute Methamphetamine.  The parties entered into a binding plea agreement which calls for a sentence of 120 months incarceration to be followed by 5 years of supervised release with conditions fixed by the court.

    Saez objects to two conditions proposed by United States Probation in the pre-sentence report, one prohibiting alcohol consumption and one requiring mental health counseling.  Saez argues that these conditions constitute an unreasonable deprivation of liberty in violation of U.S. v Weber, 450 F. 3d 522 (9t. Cir. 2006).    With respect to the alcohol condition, he also cites U.S.

v Betts, __F. 3d __, 2007 WL 4355365, (9th Cir. 2007) in support of his position.

Both conditions are appropriate for the purposes outlined in 18 U.S.C. 3583 and reasonable under the Weber standard.

Saez has admitted to methamphetamine abuse since the age of 17, a period of almost 10 years.  He reports to Probation that he is currently attending the substance abuse education program three times weekly at the Santa Clara County Jail.  Consequently, Probation has recommended that he participate in the Bureau of Prisons Residential Drug Abuse Treatment Program and  upon his release he receive continued substance abuse counseling.

Such measures will be undermined should the defendant be permitted to engage in the use of other substances which may potentially be abused.  The us e of alcohol is entirely inconsistent with such  treatment.

In Betts, the defendant declined to be interviewed by Probation, and as a result the record was devoid of any evidence regarding substance abuse fo any kind. Morever, the Probation Officer affirmatively recommended against drug testing for that very reason, yet incongruously recommended an alcohol condition.

Here, we have a defendant who has admitted abusing methamphetamine and was in fact caught red handed with a substantial quantity of the drug and under it's influence; Probation has therefore recommended that the defendant continue the drug treatment he has undertaken voluntarily at the local jail throughout his prison term and after his release.  The Government submits that restricting alcohol consumption under the circumstances is a reasonable restriction on the defendant's liberty.

Likewise, the mental health counseling condition is consistent with the statutory goals of  18 U.S.C. 3583, specifically protection of the public.  The defendant has a significant history of drug activity replete with instances of anti-social conduct such as obstruction, providing false information to police, and warrants.  In addition, he served 270 days in county jail and was continued as a ward of the court as a result of juvenile spousal abuse charges.

SENTENCING MEMO
CR 07-00527-RMW                    2

<u>Conclusion</u>

Saez' is the beneficiary of substantial leniency as the recipient of a 10 year sentence, given his U.S.S.G. range of 188- 235, and the Government's concession not to file an enhancement under 21 U.S.C. 851 which would have increased his mandatory minimum sentence to 20 years. His re-entry into society should occur under conditions that best ensure that he is ready to make a contribution and to avoid the mistakes that led him to this point.  The recommendations of Probation, which he protests, are reasonable and in his best interests in this regard.


JOSEPH P. RUSSONIELLO
United States Attorney


Dated: _____     1/11/08                    /S/
                                         _____
                                         THOMAS M. O'CONNELL
                                         Assistant United States Attorney